NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0148n.06

No. 12-2535

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Feb 21, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF MICHIGAN |
| ROBERT C. DANIELS. | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: BOGGS and KETHLEDGE, Circuit Judges; and COLLIER, District Judge.[*]

PER CURIAM. Robert Daniels, also known as "Motor City Mink," ran a prostitution ring in metro Detroit, recruiting and overseeing approximately 89 women and teenage girls. *See United States v. Daniels*, 653 F.3d 399, 403–07 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 1069 (2012). A jury convicted Daniels on eight counts of child pornography and child and adult prostitution. *See id.* at 406. The district court varied below the guidelines range of life imprisonment and sentenced Daniels to concurrent terms of 420 months of imprisonment on Counts I, IV, and V. *See id.* at 403. Daniels appealed his conviction on five counts but did not appeal his sentence. *See id.* On appeal, we reversed Daniels's conviction on Count I, engaging in a child exploitation enterprise, in violation of U.S.C. § 2252A(g)(2). *See id.* at 411–14. Our prior opinion stated: "We AFFIRM Daniels's conviction on Counts II–V, but REVERSE his conviction on Count 1." *Id.* at 415.

---

[*] The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

The district court required the parties to brief whether it was required to resentence Daniels based on our decision, and it appointed the federal public defender to represent Daniels. Daniels requested resentencing. The district court denied resentencing on the ground that we did not remand the case and that it, thus, lacked authority to resentence. Daniels now appeals the district court's order denying resentencing.

A district court generally may not resentence a defendant, 18 U.S.C. § 3582(b), but it may do so upon remand from a court of appeals. 28 U.S.C § 2106; *see United States v. Ross*, 245 F.3d 577, 585–86 (6th Cir. 2001). We did not remand. The district court correctly determined that it lacked authority to resentence Daniels.

Daniels also argues that the district court erred in not vacating the special assessment on Count I based on our reversal of that conviction. Daniels did not raise this issue before the district court. Our prior opinion sufficed to eliminate the $100 special assessment previously imposed on Count I. Indeed, the district-court clerk has already reduced Daniels's outstanding special-assessment balance from $800 to $700 to reflect the reversal of Count I. Additionally, there is no requirement that a district court engage in the formality of entering an amended judgment under these circumstances.

Accordingly, we AFFIRM the district-court order.

2